AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT

**02/20/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

**02/20/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KC _____ DEPUTY

United States of America

v.

Jose Margarito Pliego-Pineda

Defendant(s)

Case No. 5:25-mj-00073

## AMENDED CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 26, 2023, in the county of Riverside in the Central District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This amended criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
*/s/ Marco Perera, Deportation Officer*
*Complainant's signature*

Marco Perera, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        February 20, 2025

_____
*Judge's signature*

City and state:    Riverside, California

Hon. Sheri Pym, U.S. Magistrate Judge
*Printed name and title*

AUSA: William Larsen (x0298)

<u>**AFFIDAVIT**</u>

I, Marco Perera, being duly sworn, declare and state as follows:

## I.    <u>PURPOSE OF AFFIDAVIT</u>

1.    This affidavit is made in support of a criminal complaint and arrest warrant against JOSE MARGARITO PLIEGO-PINEDA, also known as "Juan Garcia Magananes," "Juan Magananes Garcia," "M Pliego," "Margarito Pliego Pineda," "Margarito Pliego," "Margarito Pineda Pliego," "Margarito Teran Pliego," "Jose Leigo," "Margarito Pineda," "Margarito Pinedapliego," and "Jose Margarito Puego," ("PLIEGO" or "defendant") charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. <u>BACKGROUND OF Deportation Officer Marco Perera</u>

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service

("INS"), since May 2016.  I am currently assigned to the Los Angeles Enforcement and Removal Operations field office.  I have experience reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III.  STATEMENT OF PROBABLE CAUSE

4.    Based on my review of law enforcement databases, I am aware that on or about November 26, 2023, the Riverside Sheriff Department ("RSD") contacted the Law Enforcement Support Center ("LESC") after an RSD deputy reviewed a notification that PLIEGO was wanted by ICE.  The LESC is a central DHS office that, among other things, coordinates with federal and state law enforcement partners to provide information about aliens suspected, arrested, or convicted of criminal activity.

5.    After RSD provided information on the subject in their custody, including the subject's name, date of birth, and photograph, LESC compared that information to the information regarding PLIETO contained in the National Crime Information Center ("NCIC") database system.  LESC then advised RSD that the subject that RSD had detained was a match to PLIEGO by name, date of birth and photo to the lookout located in the NCIC database system.  The LESC then also notified the ICE office located in San Bernardino, California that there was a match between the subject apprehended by RSD and the NCIC system.  Based on the reported matching names, dates of birth, and photographs, I believe the subject detained by RSD was PLIETO.

2

6.    I also reviewed law enforcement databases showing PLIEGO's criminal history.  Those databases were similarly a match to PLIEGO by name, date of birth, and FBI number.  Based on that review, I am aware of the following facts:

a.    On December 8, 1988, in Case No. C71179, in the Superior Court for the County of Orange, defendant was convicted of possessing controlled substances for sale in violation of California Health & Safety Code section 11351.

7.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

8.    On or about February 17, 2025, I obtained and reviewed digitized DHS A-File A 093-121-057 (the "DHS A-File"), which is maintained for the subject alien "JOSE MARGARITO PLIEGO-PINEDA." The DHS A-File contained the following documents and information:

a.    One executed Warrant of Removal/Deportation (Form I-205) indicating that PLIEGO was officially removed from the United States on or about August 7, 1998.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and

3

fingerprint.  The executed Warrant of Removal/Deportation in PLIEGO's DHS A-File contained his photograph, signature, and fingerprint.  The Warrant of Removal/Deportation reflects that PLIEGO's departure from the United States was witnessed by an INS official.

b.   One INS Form I-871, Notice of Intent to Reinstate Prior Order of Removal/Deportation, dated July 1, 1998, informing PLIEGO that he had been identified as having previously been removed from the United States on June 3, 1991. The Form I-871 reflects defendant's name, A-File number, and signature and indicates that defendant did not wish to make a statement contesting the determination to order him removed.

c.   A record reflecting PLIEGO's name, date of birth, and signature, memorializing an interview conducted in Spanish of PLIEGO by an immigration officer.  The record of interview reflects that defendant is a citizen of Mexico, was born in Mexico City, was aware he had been previously deported or removal, and had reentered the United States without applying for permission to re-enter.

d.   One Order of the Immigration Judge, dated June 3, 1991, ordering PLIEGO removed to Mexico.

e.   One INS Form I-294, dated June 3, 1991, reflecting that PLIEGO was ordered removed to Mexico.

f.   One INS Form I-205, Warrant of Deportation, reflecting defendant's name, signature, and fingerprint, and reflecting that PLIEGO departed from the United States on June

4

3, 1991, at the Nogales Port of Entry, and was witnessed by a United States Immigration Detention Officer.

9.    On or about February 17, 2025, I reviewed the printouts of ICE computer indices on defendant.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10.    Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. <u>CONCLUSION</u>

11.    For all the reasons described above, there is probable cause to believe that defendant has committed a

5

violation of Title 8, United States Code, Section 1326(a),

Illegal Alien Found in the United States Following Deportation.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 20th day of
February 2025.

Hon. Sheri Pym
UNITED STATES MAGISTRATE JUDGE